MARK REICHEL ATTORNEY AT LAW
455 Capitol Mall, 8th Floor.
Sacramento, CA 95814
(916) 498-9258

Attorney for Defendant
DARREN MITCHELL

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>            v.<br><br>DARREN MITCHELL<br><br>                              Defendant. | CASE NO.  20-CR-00239 WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: MARCH 4, 2024<br>TIME: 9:00 a.m.<br>COURT: HON. WILLIAM B. SHUBB |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. Both parties now move to vacate the current status conference date of January 22, 2024, and to set a status conference on **March 4, 2024 at 9:00 a.m**., and to exclude time between the date undersigned and March 4, 2024 under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

2. The parties agree and stipulate, and request that the Court find the following:

    a)    The government has represented that the discovery associated with this case includes voluminous evidence and reports.

    b)    Counsel for defendant has been appointed to represent this defendant just recently, and the matter includes extensive pleadings of co defendants as well as state court pleadings involving this defendant.  He requires additional time to go through the voluminous discovery.  Counsel for the defense has just been provided access to the protective order in the case which allows access to the discovery. In addition, counsel for defense is unavailable and in a trial in Sacramento County Superior Court most of January and February 2024 in Peo v

Intoschi, People v Marquez, and People v Yazzi. .

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government agrees to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date undersigned to March 4, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 17, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ CAMERON DESMOND

Assistant United States Attorney

Dated: January 17, 2024

/s/ MARK J. REICHEL
MARK J. REICHEL
Counsel for Defendant

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1
2
3
4
5
6                                             **ORDER**
7  IT IS SO FOUND AND ORDERED.
8
   Dated:  January 19, 2024
9                                             _____
                                              WILLIAM B. SHUBB
10                                            UNITED STATES DISTRICT JUDGE
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28